IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


CAROLYN TURNER )
    Plaintiff )
     )
vs. ) C.A.No. 07-273Erie
     )
COMMONWEALTH OF PENNSYLVANIA, et al.,) Magistrate Judge Baxter
    Defendants. )


# MEMORANDUM OPINION [1]

Chief Magistrate Judge Susan Paradise Baxter


### A.    Relevant Procedural History

On October 10, 2007, Plaintiff, filed the instant action claiming violations of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § § 794 *et seq*. Plaintiff has named the Commonwealth of Pennsylvania, the Pennsylvania State Police, and Jeffrey Miller, the Commissioner of the Pennsylvania State Police as Defendants to this action.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. Documents #9, 10.

1

According to the amended complaint, Plaintiff Carolyn Turner was an employee of the Pennsylvania State Police. She was hired by the PSP in March of 2000, and was promoted in 2002 to Police Communications Officer. Although Plaintiff has suffered from Type I diabetes since 1967, her condition did not impede her ability to work until April 13, 2006, when she experienced a hypoglycemic episode while on duty.

Thereafter, Plaintiff was advised by Human Resources that she would have to provide copies of her medical records pertaining to her diabetes from 2001 through the present before she could return to work. Plaintiff provided the requested records, but was informed that she would have to remain on leave for five weeks pending a review of the medical records. During the pendency of the records review, Plaintiff was instructed to either use leave without pay or use her accumulated annual leave or sick leave. Plaintiff requested permission from her employer to use a medical device at work which would monitor her blood sugar and automatically administer insulin as needed (lessening the chance of a hypoglycemic episode). She also requested permission to return to her position as a Police Communications Officer with the accommodation of using this medical device. Her employer refused the request.

On July 19, 2006, Plaintiff was informed that she would not be permitted to return to her previous position, but that she was demoted to the position of clerk/typist II. This new position was located at a different duty station that was further from her home and paid less than her previous position.

Plaintiff avers that her disqualification from the Police Communications Officer position was due to her history of diabetes and alleges that her demotion was the result of the failure to accommodate her use of the monitoring device. As relief, Plaintiff seeks reinstatement to her

former position, lost wages, and other monetary relief.[2]

Defendants have filed a motion to dismiss arguing that Plaintiff has failed to state a claim upon which relief can be granted. Document #15. Defendants seek the dismissal of all claims against the Commonwealth of Pennsylvania and the Pennsylvania State Police, as well as the dismissal of all the claims against Defendant Miller. Plaintiff has filed a brief in opposition to the pending dispositive motion. Document # 16. The issues are fully briefed and are ripe for disposition by this Court.

**B.     Standard of Review**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege

---

[2] In her Opposition Brief, Plaintiff has conceded that inasmuch as Congress has not abrogated the state's Eleventh Amendment immunity under Title I of the ADA, she is precluded from seeking monetary damages. Accordingly, she has limited her requested damages to injunctive and declaratory relief, as well as to any fees and costs available to her under the ADA. Document # 16, page 2.

"enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, ___ S.Ct. ___, ___ 2009 WL 1361536 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

**C.     Analysis**

The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." Tennessee v. Lane, 541 U.S. 509 (2004). Section 12112 of the ADA prohibits discrimination against qualified individuals with a disability with respect to conditions of employment including hiring, advancement, discharge and compensation. 42 U.S.C.A. § 12112(a) (1995). Section 504 of the Rehabilitation Act of 1973 (" § 504") prohibits discrimination based on disability by "any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).[3] Plaintiff claims that she was discriminated against on the basis of her disability: type 1 diabetes.

Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted. In particular, Defendants argue that the allegations of the complaint do not meet the definition of disability under either the ADA or the Rehabilitation Act.[4] In order to survive a

---

[3] The standards used to determine whether one is "disabled" are coextensive under both the ADA and the Rehabilitation Act. Donahue v. Consolidated Rail Corp., 224 F.3d 226, 229-30 (3d Cir. 2000); 29 U.S.C. § 794(a).

[4] A *prima facie* case of discrimination in violation of the Americans with Disabilities Act and Rehabilitation Act requires a plaintiff to establish: 1) that he has a "disability"; 2) that he is a "qualified individual," and 3) that he has suffered adverse employment action because of that disability. Toscano v. Warren County Dept. of Human Services, Slip Copy, 2009 WL 1111546, *1 (3d Cir., April 27, 2009) quoting Turner v. Hershey Chocolate U.S., 440 F.3d 604, 611 (3d Cir.2006). In the motion to dismiss, Defendants only argue that Plaintiff has not sufficiently alleged that she is "disabled."

motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949. Determining whether a complaint states a plausible claim for relief requires a judge to draw upon her judicial experience and common sense. Id. at ___, 1950. Although at this stage the Court must accept all allegations as true and draw all reasonable inferences in the complainant's favor, we need not accept threadbare legal conclusions supported only by mere conclusory statements. Id. While Plaintiff is not required to plead detailed facts or evidence to support her claims, she must allege that she is disabled within the meaning of the ADA and the RA and that Defendants discriminated against her because of that disability with enough facts to raise her claim beyond the speculative level as described in Twombly and Iqbal.

So then, the threshold question for purposes of this motion is whether Plaintiff has pleaded that she is an individual with a disability within the meaning of the Acts. There are three distinct ways for an individual to qualify as "disabled" under the Acts. An individual must either: (1) have a physical or mental impairment which "substantially limits" her in at least one "major life activity," or (2) have a record of such an impairment, or (3) be regarded as having such an impairment. See 42 U.S.C. § 12102(2). The complaint only alleges that Plaintiff 1) has a disability and 3) is regarded as having a disability.

**1) a physical or mental *impairment*[5] that *substantially limits*[6] *major life activities*[7]**

---

[4] The regulations define physical impairments as follows:

(1) any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitor-urinary, hemic and lymphatic, skin, and endocrine.

29 C.F.R. § 1630.2(h).

[5] Life activities are "substantially limited" when one is:

i) unable to perform a major life activity that the average person in the general population can perform; or

ii) significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1).

In determining if a person is affected by a disability that "substantially limits" a major life activity, the court must consider several factors:

i) the nature and severity of the impairment;

ii) the duration or expected duration of the impairment; and

iii) the permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment.

29 C.F.R. § 1630.2(j)(2).

[7] "Major life activities" are "of central importance to daily life"and are defined in the regulations as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i); Eshelman v. Agere Systems, Inc., 554 F.3d 426, 435 (3d Cir. Jan. 30, 2009); see also Emory v. AstraZeneca Pharms. LP, 401 F.3d 174, 180 n. 4 (3d Cir.2005).

An impairment that "substantially limits ... major life activities" is one "that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 197 (2002).[8] The term "substantially limits" means the disability affects activity to a considerable or large degree. Id. These terms are to be interpreted strictly to create a demanding standard for a person to qualify as "disabled." Bolden v. Magee Women's Hospital of University of Pittsburgh Medical Center, 281 Fed. Appx. 88, 90 (3d Cir. June 4, 2009) quoting Toyota Motor, 534 U.S. at 197. But see ADA Amendments Act of 2008, 122 Stat 3553 ("the definition of disability in this Act shall be construed in favor of broad coverage of individuals under this Act, to the maximum extent permitted ...").

In the Amended Complaint, Plaintiff alleges that she is disabled in that her diabetes limits her major life activities of eating, caring for one's self and metabolizing food. Courts have allowed eating to qualify as a major life activity. Fiscus v. Wal-Mart Stores, Inc., 385 F.3d 378, 385 (3d Cir. 2004) citing with approval Fraser v. Goodale, 342 F.3d 1032, 1039-40 (9th Cir. 2003).[9]

Plaintiff has met the notice pleading standard. Her complaint identifies her diabetes as an impairment of which Defendants were aware and alleges that such an impairment constitutes

---

[8] Toyota Motor has been partially superseded by statute, the ADA Amendments Act, Pub.L. 110-325, which became effective January 1, 2009, but which does not apply retroactively. Guary v. Upstate National Bank, 2009 WL 1497185, at *3 n.1 (W.D.N.Y. May 28, 2009).

[9] See also ADA Amendments Act of 2008, 122 Stat. 3553 (expanding the definition of "major life activity" to specifically include eating).

a disability under the ADA and Rehabilitation Acts. She pleads that she suffered adverse employment action in the form of a demotion because of her disability despite her efforts to seek an accommodation by way of requesting the monitoring device. Plaintiff must ultimately prove all of the elements of her claims, including that she is substantially limited in a recognized major life activity in order to prevail on her claim. However, at this early stage of the litigation in the face of a motion to dismiss, Plaintiff has sufficiently pled her disability.

### 2) be "regarded as" having such an impairment

Defendants also argue that Plaintiff has not sufficiently pled that Defendants regarded her as having a disability.

The "regarded as" (or perceived) employee must show that she:

> 1) has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation;
>
> 2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitude of others toward such impairment; or
>
> 3) has none of the impairments defined in ... this section but is treated by a covered entity as having a substantially limiting impairment.

Eshelman v. Agere Systems, Inc., 554 F.3d 426, 434 (3d Cir. Jan. 30, 2009) quoting Taylor v. Pathmark Stores, Inc., 177 F.3d 180, 187 (3d Cir.1999) and 29 C.F.R. § 1630.2(a).

Again, Plaintiff has pled enough to survive the motion to dismiss. Plaintiff alleges that even if diabetes does not serve as the disability, Defendants knew of the diabetes and treated it as a disability when they demoted her.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CAROLYN TURNER** | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | C.A.No. 07-273Erie |
| | ) | |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## O R D E R

AND NOW, this 29th day of June, 2009;

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants [document # 14] be denied.

A Case Management Conference will be scheduled in the near future.

                                                S/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge